## MAY ASSIZES, 1792.

CORAM M'KEAN, CHIEF JUSTICE, AND YEATES.

## Thomas Wright *against* John Quinn.

The act of assembly of 2d January 1778, as to the arresting of enlisted soldiers is in full force; but this act does not relate to judicial process.

A MOTION was made by Mr. Daniel Smith to discharge John Quinn, a soldier enlisted by captain John Cook, in the service of the United States, from his confinement, under the act of assembly of 2d January 1778. It appeared that he had been arrested under the warrant of John Paul Schot, esq. a justice of. the peace, at the suit of Thomas Wright, after his enlistment, and that the justice had given judgment and issued execution against him for 56s. debt and 6s. 6d. costs, under which he was confined.

He was now brought up by rule of court, and the agent of the creditor directed to attend.

Mr. Hall on the part of the creditor, objected to the discharge. He contended, that the reasons contained in the preamble of the act ceased to operate. America is now at peace with Great Britain, and the object of the present war is merely to quell the incursions and ravages of a few restless savages. Besides, that act speaks of soldiers enlisted in the service of this or any other of the United States: and moreover the operations of the federal government must be supposed virtually to have repealed this law. The present matter is to be considered as a dispute between the federal government and the creditor, which ought to be determined only in the Federal Courts.

But by the court: it was found expedient for the common welfare, to supercede the interests of individuals who claimed debts of soldiers, to a certain amount. The resolve of congress of the 26th December 1775, declares, that no soldier shall be arrested for a debt under thirty-five dollars. The act of assembly of 2d January 1778, raises it to fifty dollars, the former sum having been thought inadequate to the object in view. When this law was passed, each state furnished its own quota of troops. Under the present federal government the United States at large raise the army. America was then engaged in a war with Great \* Britain: but though   [\*164 this is not now the case, yet the reason of the law still subsists, though not in so strong a degree as at that period. It is however of the utmost consequence, that the enlistments of the troops now intended to be raised, should be completed.

[Wright *v.* Quinn.]

The general enacting words of the act cannot be controlled by the preamble, nor are they restricted by any subsequent clause.   The articles of war, which are now incorporated into the general system of the union, by the act of congress passed the 30th day of April 1790, give a power to officers to detain soldiers not owing the sum of thirty-five dollars: and there is nothing that we know of in the federal government which repeals or alters this resolve of congress either expressly or virtually.

The act of assembly of January 1778, must therefore be considered in full force.   But this does not relate to judicial process, which on the face of it ascertains the plaintiff's demand.   The soldier here having been arrested by mesne process, after he was enlisted, is within the words of the act, and unless that arrest was legal, the subsequent proceedings cannot be supported.   The soldier and creditor are citizens of the same state, and the case is certainly cognizable before us.

We are therefore of opinion that the soldier be discharged, but strongly recommend that he should give an order on his officer for ten shillings per month, to be stopped out of his pay, until the debt and costs are discharged.   This was accordingly done, and the order accepted by captain Cook in open court.